UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

KWAMIE MITCHELL,

                Petitioner,

    -against-

SUPT. MARK MILLER,

                Respondent.

21-CV-4744 (LTS)

ORDER

LAURA TAYLOR SWAIN, Chief United States District Judge:

    Petitioner, who is currently incarcerated at Green Haven Correctional Facility, brings this *pro se* petition challenging his September 16, 2011, conviction in the New York Supreme Court, New York County. By order dated September 15, 2021, the Court granted Petitioner's request to proceed *in forma pauperis* ("IFP").[1]

    The Court directs Petitioner to file a declaration within 60 days of the date of this order showing cause why this application should not be denied as time-barred.

## STANDARD OF REVIEW

    The Court may entertain a petition for a writ of *habeas corpus* on "behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Under Rule 4 of the Rules Governing § 2254 Cases, the Court has the authority to review and dismiss a section 2254 petition without ordering a responsive pleading from the state, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in

---

[1] Petitioner did not submit an IFP application when he originally filed his petition. The Court directed Petitioner to submit an IFP application or pay the filing fee. On June 22, 2021, the Court received Petitioner's IFP application. Petitioner also did not sign the petition. On October 4, 2021, the Court received a signed signature page. (ECF 6.)

the district court." Rules Governing § 2254 Cases, Rule 4; *see Acosta v. Nunez,* 221 F.3d 117, 123 (2d Cir. 2000). The Court is obliged, however, to construe *pro se* pleadings liberally and interpret them "to raise the strongest arguments they *suggest*." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original); *see Green v. United States*, 260 F.3d 78, 83 (2d Cir. 2001). Nevertheless, a *pro se* litigant is not exempt "from compliance with relevant rules of procedural and substantive law." *Triestman*, 470 F.3d at 477 (quoting *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983)).

## DISCUSSION

A.   **Applicable Statute of Limitations**

Petitioner's application appears to be time-barred. A prisoner seeking *habeas* relief under § 2254 must generally file a petition within one year from the latest of four benchmark dates: (1) when the judgment of conviction becomes final; (2) when a government-created impediment to making such a motion is removed; (3) when the constitutional right asserted is initially recognized by the Supreme Court, if it has been made retroactively available to cases on collateral review; or (4) when the facts supporting the claim(s) could have been discovered through the exercise of due diligence. *See* 28 U.S.C. § 2244(d)(1)-(2).

Petitioner alleges that on September 16, 2011, a jury convicted him in the New York Supreme Court, New York County. Court records indicate that on April 27, 2017, the New York Supreme Court Appellate Division, First Department, affirmed the conviction, *see People v. Mitchell*, 149 A.D.3d 653, 653 (2017), and the New York Court of Appeals denied leave to appeal on August 15, 2017, *see People v. Mitchell*, 29 N.Y.3d 1131 (2017). Petitioner's conviction consequently became final on January 15, 2018,[2] following "the expiration of [the]

---

[2] Under Fed. R. Civ. P. 6(a)(1)(C), because the 90th day fell on a Saturday, the last day to

90-day period of time to petition for *certiorari* in the Supreme Court of the United States." *Warren v. Garvin*, 219 F.3d 111, 112 (2d Cir. 2000). One year later, on January 15, 2019, the time to file this petition expired.

Under the *habeas* statute, when postconviction motions are filed before the expiration of the statute of limitations, those motions and related state-court proceedings may toll the statute of limitations. *See* 28 U.S.C. § 2244(d)(2). Postconviction motions filed after the limitations period expires, however, do not start the limitations period anew. "[P]roper calculation of Section 2244(d)(2)'s tolling provision excludes time during which properly filed state relief applications are pending but does not reset the date from which the one-year statute of limitations begins to run." *Smith v. McGinnis*, 208 F.3d 13, 17 (2d Cir. 2000). Section 2244(d)(2) applies only if a petitioner's postconviction motion was pending within the one-year limitations period.

The Court received the petition on May 26, 2021, more than two years after the statute of limitations expired. Although Petitioner does allege that he filed a postconviction motion, this motion does not toll the limitation period under Section 2244(d)(2), because he filed it after the limitation period expired. The motion – a petition for a writ of error *coram nobis* – was filed on March 12, 2021.[3]

**B.     Leave to File Declaration**

The Court therefore directs Petitioner to file a declaration within 60 days of the date of this order stating why this application should not be dismissed as time-barred. Petitioner should include in the declaration a listing of (1) the dates that all postconviction applications in state court challenging this conviction were filed, including his petition for a writ of error *coram*

---

file was on Monday, January 15, 2018.

[3] Petitioner alleges that the New York State Appellate Division, First Department denied the petition on May 6, 2021; he does not indicate that he appealed that decision.

3

*nobis*, all motions under N.Y. Crim. P. L. § 440, and any other postconviction applications, (2) when any postconviction applications were decided, (3) the dates that any appeals or applications for leave to appeal from those decisions were filed, (4) when those appeals or applications were decided, and (5) when Petitioner received notice of any state court decisions on those applications and appeals. *See* 28 U.S.C. § 2244(d)(2).

Petitioner also should allege, if relevant, any facts showing that he has been pursuing his rights diligently and that some extraordinary circumstance prevented him from timely submitting this petition. *See Holland v. Florida*, 560 U.S. 631, 649 (2010) (holding that one-year limitations period under § 2244(d) for *habeas corpus* petitions under 28 U.S.C. § 2254 is subject to equitable tolling in appropriate cases).

## CONCLUSION

Petitioner is directed to file a declaration within 60 days of the date of this order showing why the petition should not be dismissed as time-barred. A declaration form is attached to this order. If Petitioner timely files a declaration, the Court will review it, and if proper, will order the Respondent to answer. If Petitioner fails to comply with this order within the time allowed, and cannot show good cause to excuse such failure, the petition will be denied as time-barred. No answer shall be required at this time.

Because Petitioner has not at this time made a substantial showing of the denial of a constitutional right, a certificate of appealability will not issue. *See* 28 U.S.C. § 2253.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is directed to mail a copy of this order to Petitioner and note service on the docket.

SO ORDERED.

Dated:   December 10, 2021
         New York, New York

                                    /s/ Laura Taylor Swain
                                    LAURA TAYLOR SWAIN
                                    Chief United States District Judge

5